UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

In re:

DONNA M. COTTE,                                    Case No. 05-19711

                                    Debtor.

-----------------------------------------------------------

APPEARANCES:
Jonathan E. Cohen, Esq.
*Attorney for Debtor*
Four East Court Street
Hudson, NY 12534

**RECEIVED & FILED**

**NOV 0 5 2009**

**OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY**

Andrea E. Celli, Esq.
*Chapter 13 Standing Trustee*
7 Southwoods Boulevard
Albany, NY 12211

Richard Croak & Associates                    Sandra S. Poland Demars, Esq.
*Amicus Curiae*
314 Great Oaks Boulevard
Albany, NY 12203

Barbaruolo Law Firm, P.C.                    Barbara Whipple, Esq.
*Amicus Curiae*
12 Cornell Road
Latham, NY 12210

Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

The current matter before the court is the motion of Donna M. Cotte ("Debtor") to deem

her Chapter 13 plan complete pursuant to 11 U.S.C. §§ 1325, 1328, and 1329.[1] An objection was

filed by the Chapter 13 standing trustee, Andrea E. Celli ("Trustee").

---

[1]All statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532,
unless otherwise indicated.

## JURISDICTION

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), and 1334(b).

## FACTS

The facts as offered by the court's docket and pleadings are undisputed.

1) The Debtor filed a Chapter 13 petition on October 15, 2005.

2) In her petition, the Debtor scheduled one secured creditor and approximately eighteen unsecured creditors. (Doc. No. 1.)

3) The Debtor's Chapter 13 plan was confirmed on January 19, 2006.

4) The confirmed plan requires monthly payments of $150.00 for forty-eight months and an estimated dividend to unsecured creditors of not less than 12.08 percent.

5) According to the Trustee's Notice of Claims Filed (Doc. No. 14) and the court's Claims Register, six claims were filed in the Debtor's case.

6) On April 14, 2009, the Debtor filed the pending motion to modify her confirmed Chapter 13 plan and deem her plan complete.

7) The Debtor's certificate of service of the notice of motion and motion indicates they were served on the Chapter 13 Trustee and four creditors.[2]

8) In support of her motion, the Debtor alleges that she "has made all scheduled plan payments and has paid $3,825.30 into the plan." (Affirmation in Supp. of Mot. (Doc. No. 49) ¶ 3.) In addition, the Debtor asserts that "[u]nsecured claims have been paid $3,825.30 to date against claims of $5,874.45, or 65 percent, which exceeds the liquidation value of the estate and estimated unsecured dividend." [3] (Affirmation in Supp. of Mot. ¶ 3.)

---

[2] The record is unclear as to why only four of the six creditors that filed claims were served with the notice of motion and motion. The reasoning, however, is not germane to the issue at hand.

[3] The Debtor's math has not been challenged by the Trustee. If, however, the Debtor had made all scheduled payment as alleged, an even dollar figure in $150 multiples would have been transmitted to the Trustee. Additionally, the $3,825.30 figure would have been subject to administrative costs. The court presumes that the Debtor meant to say that a net amount of

9) The Trustee filed an objection to the motion on the basis that the notice of the proposed modification of the Debtor's plan was not served upon all creditors, but did not otherwise object to the substance of the motion.

10) Oral argument was heard at the court's regular motion calendar on May 7, 2009. At that time, the court set a briefing schedule and indicated it would accept *amicus* briefs on the procedural issue before the court.

11) Richard Croak & Associates (Sandra S. Poland Demars, Esq.) and Barbaruolo Law Firm, P.C. (Barbara Whipple, Esq.) filed *amicus* briefs in support of the Debtor's position.

## ARGUMENTS

The procedural issue before the court is whether a motion to modify a confirmed plan pursuant to § 1329 must be served on all scheduled creditors or only on those creditors that have timely filed proofs of claim. The Debtor asserts that an unsecured creditor that fails to file a proof of claim waives its right to any distributions under the plan required by § 1325(a)(4).[4] The Debtor contends that it follows that the creditor also waives the right to receive notice of any modifications to the plan as it cannot be adversely affected because it is not entitled to any distribution under the plan. In addition, the Debtor argues that the Trustee is charged with serving the interests of all creditors, including creditors who have not filed claims. Thus, notice to the Trustee should be deemed sufficient for these creditors.

---

$3,825.30 has been sent to the Trustee for the benefit of the unsecured creditors.

[4] Section 1325 (a)(4) of the Bankruptcy Code states
the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date. . . .
11 U.S.C. § 1325(a)(4). This requirement is often referred to as the "liquidation test" or the "best interest of creditors test" and is one of nine enumerated conditions that must be satisfied in order for a Chapter 13 plan to be confirmed.

3

In support of her position that all affected (or potentially affected) creditors are entitled to notice of a proposed modification of a confirmed plan, the Trustee relies on the definition of "creditor" and "claim" as set forth in the § 101(10) and (5), respectively.[5] She points out that until and unless a discharge is granted, an unfiled claim still has vitality and is potentially collectable if the case is either dismissed or converted. Additionally, the Trustee notes that Federal Rules of Bankruptcy Procedure 2002(a)(5)[6] and 3015(g),[7] as well as Local Bankruptcy Rule 3015-2 all require notice of a proposed modification of a confirmed Chapter 13 plan be served on all creditors. The Trustee concludes that "the creditor's due process rights are not terminated simply because the case has been confirmed or because the creditor has not filed a claim." (Trustee's Mem. of Law (Doc. No. 60) unnumbered 7.)

---

[5] A creditor is defined in the Code as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . . " 11 U.S.C. 101(10). A claim is defined in the Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. . . . " 11 U.S.C. 101(5).

[6] Federal Rule of Bankruptcy Procedure 2002(a) provides in relevant part:
(a) **Twenty-day Notices to Parties in Interest.** . . . the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors . . . at least 20 days' notice by mail of :

. . . .

(5) the time fixed to accept or reject a proposed modification of a plan . . . .
Fed. R. Bankr. P. 2002(a)(5).

[7] Federal Rule of Bankruptcy Procedure 3015(g) states:
A request to modify a plan pursuant to . . . § 1329 of the Code shall identify the proponent and shall be filed together with the proposed modification. The clerk, or some other person as the court may direct, shall give the debtor, the trustee, and all creditors not less than 20 days notice by mail of the time fixed for filing objections and, if an objection is filed, the hearing to consider the proposed modification, unless the court orders otherwise with respect to creditors who are not affected by the proposed modification. . . . .
Fed. R. Bankr. P. 3015(g).

4

*Amicus* Barbara Whipple acknowledges that the Federal Rules of Bankruptcy Procedure require notice of a proposed modification of a Chapter 13 plan be served on creditors. *See* Fed. R. Bankr. P. 2002(a)(5) and 3015(g). For this reason, she asserts the crucial question is what entities are entitled to creditor status. *Amicus* concludes that the definition of creditor contained in Federal Rule of Bankruptcy Procedure 2002[8] should not be applicable after the time set for filing proofs of claim expires. She reiterates that if a creditor has not filed a timely proof of claim that entity would not be able to share in any distribution under the plan. Thus, she concludes, in alliance with the Debtor, that there would be no logical purpose achieved by requiring notice of a proposed modification of a plan on an entity that would not be affected by it.

Similarly, *Amicus* Sandra Poland Demars argues that only creditors with timely filed claims are entitled to notice of a proposed modification to a confirmed plan because "there is no objection that a non-allowed claimant could file to the Debtor's motion. If the claim was either not allowed or never filed, the 'creditor' would not be receiving a distribution from the Plan . . . ." (Demars *Amicus* Curiae Mem. of Law (Doc. No. 57) unnumbered 2.) In addition, she contends that any creditor that did not have an allowed claim in a case would not have standing to object to a modification of a plan, and any objection filed by such a claimant would be frivolous. Lastly, *amicus* argues that service of a notice of modification of a plan should only be required upon those creditors who have filed timely claims and whose rights are detrimentally affected by the proposed modification. She asserts this is consistent with the requirement of

---

[8] Federal Rule of Bankruptcy Procedure 2002 sets forth noticing requirements. The court is unaware of a definition of "creditor" within Rule 2002 and assumes *amicus* meant to reference 11 U.S.C. § 101.

Federal Rule of Bankruptcy Procedure 9014 that notice of a contested matter be served upon the party against whom relief is sought.

## DISCUSSION

The position of the Debtor and *amici curiae* is not supported by the clear, unambiguous language of § 101(10) and (5).[9] Whether an entity has a timely filed claim or not does not change its "creditor" status within the meaning of the Bankruptcy Code. An unfiled or tardily filed claim still carries with it a contingent right to payment that is extinguished only upon the issuance of a discharge. Until and unless that discharge is issued to the debtor, any entity with such a contingent right to payment is entitled to the full universe of protections awarded to a "creditor" under the Bankruptcy Code. That universe includes notice of any proposed plan modification.

All Chapter 13 creditors are parties in interest regarding the ultimate question of whether the issuance of a discharge is appropriate, however, the mere right to receive notice does not necessarily translate into standing to object to a proposed modification. For example, if an unsecured creditor is not entitled to receive distributions from the Chapter 13 trustee because it never filed a claim, then that creditor would not be able to complain about a reduction in the amount paid under a plan for the benefit of the unsecured creditors class. Similarly, if the proposed modification affects only the timing of payments to a secured creditor, then the unsecured creditors would not have cause to object. Section 1329(b)(1), however, specifically provides that the requirements of § 1325(a) apply to all modifications under § 1329(a). Those requirements include the mandate of § 1325(a)(1) that the plan must comply with the provisions of that chapter and with the other applicable provisions of Title 11 and the edict of § 1325(a)(3)

---

[9]*See supra* note 3.

6

that the plan must have been proposed in good faith. As indicated by the Trustee, any creditor, whether or not that creditor has a timely filed claim, might have pertinent information on the propriety of a proposed modification and should always be able to make that information known to the court.

Federal Rule of Bankruptcy Procedure 3015(g) does have an opt-out choice for debtor's counsel. Notice to certain creditors who would not be adversely affected by the proposed modification may be dispensed with by court order. Thus, debtor's counsel is faced with a practical dilemma: provide all creditors notice of a proposed modification, or obtain an order of the court limiting notice to only those creditors adversely affected. Seemingly, in most cases, it would be more efficient to simply notice all creditors.

The instant case provides a perfect example of why all creditors should receive notice. The proposed relief is to deem the plan complete. All creditors, regardless of filed claim status, should have the opportunity to address the Debtor's request to, in effect, receive the ultimate Title 11 relief—a Chapter 13 discharge.

For all the above reasons, the court concludes that Debtor's motion was not properly served upon all creditors. As such, the Trustee's objection is sustained and the Debtor's motion is denied without prejudice to renoticing the motion in conformance with this decision.

It is so ORDERED.

Dated: November 5, 2009

_____
Hon. Robert E. Littlefield, Jr.
Chief United States Bankruptcy Judge